**20 CV 10544**

United States District Court

Southern District of New York

-----------------------------------------------------------X

In The Matter of the Applicaton of

Garth Marchant, Leslie Glover, Sandra Dabe,

Pronset Neil, Mildren Scott, Victoria King,

Neva Shillingford King, Corinne Scott,

Juilert Waldern, S. Powell, Donald Waring,

John Moran, Robert Hall, Alphonso Reid,

Glorice Henderson, Tyrone Pinky,

Joan Melford, Vivian Powell, Cheal Grange,

Janet Portuallo, Brain Milford, Denek Ham,

Vicent Milford,

**Plaintiffs**

-against-

Mayor of New York Honorable Bill De Blasio,

New York City Council Cory Johnson,

Board of Elections City of New York,

**Defendants**

-----------------------------------------------------------X

Index No_____

Complaint for

Monetary Damages

JUDGE CAPRONI

1. The plaintiffs are herein are filing a summons and complaint for monetary damages in the amount of 29 million dollars and are moving by an Order to Show Cause because of the urgency of this matter as set forth by the affirmation of Neil Grimaldi are seeking injunctive relief to stop the election for

-2-

a new New York City Council member to replace Councilman Andy King against the will of the people and these plaintiffs who voted about 96 per cent for him in his last 2017 electin because of his Unique and extraordinary skills, knowledge and depths in his representation of his constituents.

2. The jurisdiction of this most distinguished court and jurist of United Statesz District Ciurt. Southern District of New York, are under 42 U.S.C. 1983, 1988, First Amendment Right to Political Association, and Fourteenth Amendment Right to Due Process and Equal Protection of the Law.

3. The plaintiffs are all African American voters who are part of a class of people these United States have been held in numerous numbers in slavery and in violation of basic human dignity from their inception having been brought here cruelly forcefully on slave ships and sold to the highest bidder, separating children from their parents and separating spouses apart and their loved ones. with full knowledge of these facts and Mr. Andy King's outstanding service to his poor slave descendants and vigorous fight for justice for them, this New York City removed from office and humiliated this outstanding servant of the people whi they so care for that he received this most amazing victory plurality in the last election for this council seat.

4. The actions by the Speaker and members of said New York City Ciuncil were politically base and Biased in violation of the constitutional rights of the voters of this district including these plaintiffs and said extraordinary ouster of this man was arbitrary and capricious inconsistent with this bodies past history of such less disciplinary punishment for past New York City Ciuncilman as Ruben Wills, Allen Jennings.

5. New York Times distinguished reporter Ms Fitzsimmons in her article about the ouster of

Mr. Andy ~~Young~~ KING from his The Bronx 12th Nrmew York City Council District stated that this is

the first time a councilman has removed in 8 decades of New York Council history for less than

a crime and only involving a disciplinary matter..

6. Mr. Ruben Wills, a former New York City Councilman from Southeast Queens was arrested for

much more serious charges of stealing over half of the 30000 allotted to him for charity multiple

counts affraus and grand larceny and was not removed until convicted; Mr. King has been charged

with no crimes and has not been arrested and yet removed by a sham hearing in which Mr.King'

attorneys could not even question his accusers in blatant violation of Mr. King's and these

plaintiffs United States Constitutional rights and wholly in violation of United States and New York

law including laws regarding probitions of acting I a prejudicial way and in a manner arbitrary

and capricious.

7. Therefore Plaintiffs assert that said actions by New York City Council violate New York CPLR

Article 78 in various of its parts including but not limited to CPLR Article 7803 which were violated by

Council acting in an arbitrary and capricious manner of how it removed Councilman Andy King for

merely minor inter office behavior actions, merely alleged disciplinary matters, which were not

non-criminal natters and not removing other members in it's long history including how it failed to

remove Councilman Ruben Wills for serious theft, fraud and grand larcenies prior to his conviction

although the evidence they had of crimes and violations of New York Criminal Law and New York

Council rules including stealing charity funds over allegedly $15,000 was clear and overwhelming.

8. Plaintiffs herein allege that the actions of Mr. King did not warrant expulsion which has not been done by the Ciuncil before Mr. King was expelled from New York City Council and said expulsion is a violation of common law standards and is reviewable under this writ of certiorari and under standards set forth under Article 7803 and by New York case law and federal case law regarding the acts alleged and the injustice expulsion of Mr.King minor actions related primarily regarding his staff which were absolutely not criminal behavior. Powell v Mc Cormick 395 U.S. 486.

9. Plaintiffs also state that there was insufficient evidence to sustain the allegations against Mr.King Including the clear fact that the witnesses were biased and not credible as a matter of law and logic.

10. Part of the bias herein alleged is that there are and were very powerful political forces in New York City, The Bronx and The New City Council who for political reasons wanted Mr. King remove From office that are legally and duly prejudicial and unlawful reasons to remove a duly elected public official and so violate the conststitutional rights of voters and which inherently unfairly undermine our noble demoncratic system which gives the voters said plaintiffs, not other politicians powers to determine who represents the people in a duly organized district as set down by law and New York City Charter.

11. This undemocratic expulsion also violates the law and spirit of New York City Charter and rules a, regulations and procedures of New York City Council as set forth is by the facts and circumstances in these legal papers,

11A. substantial reason Mr. King was exposed and not merely disciplined as required by reasonable And legal standards for the wrongs alleged, all of which New York City Councilman has denied and Still denies and rejects because they are false is because Mr King did not pay levies or fines therefore

-5-

Imposed and issued against him in regard to prior disciplinary proceedings, but there has been no findings that Mr.King was financially able to pay said such fines and so the decision to expose which was inherently based in said non-payment is of itself inherently arbitrary and capricious and volatile of the law including Article 78b provisions and A CPLR 7803 and standards set forth in prior rulings in which substantially more significant and serious violations of New York Criminal codes did not warrant any prior expulsion of a New York City Councilman in its 8 decade history.

12. In the Matter of The Bronx City Councilman Larry Seabrook was sentenced to 5 years by Judge Deborah A Batts of this Manhattan federal court for nine counts of public corruption after A July trial regarding millions of misuse of City Council funding and he is not expelled until after His convictions and Mr King gets expelled for non-allegations of minor misbehavior in his office He denies.

13. <u>This</u> shows clearly and absolutely the City Council expulsion of Councilman King regarding the same Council district. was arbitrary and capricious, CPLR Article 7803

14. In Seabrook case he misdirected numerous city contracts involving 2 million dollars to his Girlfriend and family as well another fraudulent scheme involving 1.5 million City Council funds In FDNY Diversity Program scheme..15 This Court required Seabrook pay back $619,715 dollars, yet he was not expelled from his Council seat not removed by New York City Council.

-6-

15. In the Matter of Allan Jennings Jr., vs New York City Council 2006 Slip Op 500; 52(1); 10 Misc 3d 107(A) (2006), Justice Louis Bart Stone of New York Supreme Court state that Allan W Jennings a City Councilman from Queens who Council found guilty of several charges of sexual misconduct, for more serious than allegations against Mr. King, he was not expelled from City Council.

WHEREFORE, the Plaintiffs hereby seek the billowing remedy:

1. That City Council restore Andy King to his Ciuncil seat for the Bronx New York City Council District 12

2. Issue an injunction relief STOPING the election set for the council seat.

3. Pay his attorney fees.

4. Give said Plaintiffs said monetary damages that this Court deems proper and just

5. That the defendants do all of this as well as pay for the costs if this action or any remedy this action or any remedy this Court deems just and proper.

6. Invalidate any election for this Bronx 12 Council seat

_Neil Grimaldi_ (signature)

Neil Grimaldi

Attorney

136-11 Farmers Boulevard

Queens New York 11434

646 229 7974

Email: neilgrimaldi1@gmail.com

NG 8087