USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GARTH MARCHANT et al.,

                                     Plaintiffs,

               -against-                      20-CV-10544 (VEC)

HONORABLE BILL DE BLASIO, NEW YORK     MEMORANDUM
CITY COUNCIL CORY JOHNSON, BOARD OF   OPINION & ORDER
ELECTIONS OF THE CITY OF NEW YORK,

                                   Defendants.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       Plaintiffs, a group of African-American voters who claim to reside in the New York City district previously represented by former City Councilman Andy King, bring this action against Mayor Bill de Blasio, City Councilman Corey Johnson, and the Board of Elections of the City of New York (collectively "Defendants").[1] Plaintiffs allege that Defendants violated their First and Fourteenth Amendment rights — and perhaps the First and Fourteenth Amendment rights of Mr. King — and Article 78 of the New York Civil Practice Law and Rules by expelling King from the City Council. After the Court denied Plaintiffs' request for a preliminary injunction, *see* Dkt. 8, Defendants moved to dismiss Plaintiffs' complaint, Notice of Mot., Dkt. 9. For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

---

[1] It is not clear whether Plaintiffs intended to name the Board of Elections of the City of New York as a single defendant or whether Plaintiffs intended to name the Board of Elections and the City of New York as two distinct defendants. The proposed Order to Show Cause filed by Plaintiffs would seem to support the former. *See* Dkt. 3 (handwritten case caption lists "Board of Election of The City of New [York]" as a defendant). Similarly unclear is whether Plaintiffs intended to name City Councilman Corey Johnson (first name misspelled in the above caption) as a single defendant or whether Plaintiffs intended to name Corey Johnson and the New York City Council as two distinct defendants. In any event, these are distinctions without a difference, as the Court would grant Defendants' motion under any of the above formulations.

## BACKGROUND[2]

Plaintiffs are African-American voters from the Bronx seeking injunctive and monetary relief for the expulsion from the City Council of Andy King, who had previously represented their district.  *See* Compl. ¶¶ 3–4, Dkt. 1.  King was expelled from the City Council on October 5, 2020, after the City Council voted overwhelmingly (48-2) in favor of his expulsion.  *See* Defs. Mem. at 2, Dkt. 10.  Plaintiffs' complaint is bereft of any details concerning the circumstances of King's removal from the City Council; they allege only that his removal was "politically base[d] and [b]iased" and that he was removed for "merely minor inter office behavior actions, merely alleged disciplinary matters."  Compl. ¶¶ 4, 7.  To fill the vacancy resulting from King's expulsion, Mayor de Blasio called a special election for December 22, 2020; early voting began on December 12, 2020.  Defs. Mem. at 2.

Plaintiffs filed this action on December 14, 2020, seeking a preliminary injunction to stop the special election to fill King's vacated seat.  *See* Compl. ¶ 1; Order to Show Cause, Dkt. 3.  On December 18, 2020, after a hearing, the Court denied Plaintiffs' request for a preliminary injunction.  *See* Dkt. 8.  At the hearing, the Court set a briefing schedule for Defendants' anticipated motion to dismiss, pursuant to which Plaintiffs were ordered to respond to Defendants' motion by March 5, 2021.  The Court memorialized the briefing schedule in an Order.  *See id.*

Plaintiff's complaint is, put kindly, utterly lacking in any factual allegations and any cohesive theory of liability.  As best the Court can discern, Plaintiffs contend that their constitutional rights were violated by King's "extraordinary ouster" and that King's expulsion

---

[2] Plaintiffs' complaint is almost entirely devoid of any factual allegations.  Accordingly, the Court relies on Defendants' submissions for most of the pertinent facts, all of which are subject to judicial notice from public records.  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).").

was arbitrary and capricious in violation Article 78, which also resulted in a violation of Plaintiffs' constitutional rights.[3]  *See* Compl. ¶¶ 4, 6, 7.  The bulk of Plaintiffs' six-page complaint, however, is dedicated to articulating how King's dismissal was in violation of Article 78 and established precedent.  *See id.* ¶¶ 4, 6–11, 13.

## DISCUSSION

### I. Legal Standard on a Rule 12(b) Motion to Dismiss[4]

Pursuant to Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quotation omitted).  "An objection to standing is properly made on a Rule 12(b)(1) motion."  *Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 354 (S.D.N.Y. 2002).  A court considering a Rule 12(b)(1) motion may consider evidence outside of the pleadings to determine whether subject matter jurisdiction exists.  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

In reviewing a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Meyer v. JinkoSolar Holdings Co.*, 761 F.3d 245, 249 (2d Cir. 2014) (cleaned up).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3]  How one can "violate" Article 78, which is a type of proceeding under the N.Y. C.P.L.R. and not a substantive right, was not addressed by the Plaintiffs.

[4]  Defendants do not state on which provisions of Rule 12(b) their motion rests; the Court construes Defendants' motion as having been made pursuant to Rules 12(b)(1) and 12(b)(6).  *See* Notice of Mot. at 1.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 570).

## II. Plaintiffs Abandoned Their Claims by Failing Meaningfully to Oppose Defendants' Motion to Dismiss

Plaintiffs' entirely non-responsive — and largely nonsensical — opposition brief warrants a finding that Plaintiffs abandoned their claims in response to Defendants' motion to dismiss. Notwithstanding the Court's clear instructions at the December 18, 2020 hearing and subsequent written order documenting the parties' briefing schedule, Plaintiffs sent, via regular mail and email, an opposition brief — styled as an "Answer" to Defendants' motion — which the Court received by mail on March 10, 2021, five days after the deadline, and by email on March 18, 2021, nearly two weeks after the deadline. *See* Pls. Opp., Dkt. 11; Email, Dkt. 14.

Plaintiffs, as represented parties, were required to file electronically pursuant to Federal Rule of Civil Procedure 5(d)(3). *See* Fed. R. Civ. P. 5(d)(3)(A) ("A person represented by an attorney must file electronically, unless nonelectronic filing is allowed by the court for good cause or is allowed or required by local rule."). Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, extend a party's time to take a particular action "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (cleaned up).

4

As the Court stated in its March 20, 2021 order denying Plaintiffs' request for an extension of time to file an amended response, Plaintiffs' counsel's purported justifications for the delinquent and non-electronic filing were entirely meritless; the Court had long warned counsel to register as a user on the ECF system, rendering meritless his contention that he had not yet seen Defendants' motion before filing an opposition brief because of issues with his PACER account. *See* Order at 1–2, Dkt. 13. Equally unavailing was counsel's excuse that he was otherwise occupied "petitioning for the office of NYC Mayor." *See* Email at 1; Order at 2–3. Because counsel failed to "provide[] a justification that satisfies even th[e] admittedly modest standard" under Rule 6(b), the Court would have been well within its discretion to ignore the Plaintiffs' "response" and to consider the motion unopposed. *See Girotto v. Andrianna Shamaris Inc.*, No. 19-CV-913, 2019 WL 5634199, at *2 (S.D.N.Y. Oct. 31, 2019). Nevertheless, consistent with its March 20, 2021 order, the Court will consider Plaintiffs' opposition brief in weighing Defendants' motion to dismiss.[5]

Even so, Plaintiffs' opposition is entirely unhelpful. Plaintiffs' opposition fails to respond to any argument raised in Defendants' opening motion because, as he admitted, Plaintiffs' counsel *had not seen* Defendants' motion "or any other documents in this case" at the time he drafted Plaintiffs' opposition brief. *See* Email at 1. Because Plaintiffs have failed meaningfully to respond to Defendants' arguments in favor or dismissal, Plaintiffs are deemed to have abandoned their claims, and, for this reason alone, Defendants are entitled to judgment. *See Black Lives Matter v. Town of Clarkstown*, 354 F. Supp. 3d 313, 318 (S.D.N.Y. 2018) ("The

---

[5] Even were the Court to deem Defendants' motion unopposed, the Court would still be required to determine whether the motion is meritorious. *See McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."); *Girotto*, 2019 WL 5634199, at *2 ("[E]ven an unopposed motion to dismiss must demonstrate that the complaint has failed to state a claim.").

failure to oppose a motion to dismiss a claim is deemed abandonment of the claim." (quoting *Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *18 (S.D.N.Y. May 26, 2017))); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *see also Colbert v. Rio Tinto PLC*, 824 F. App'x 5, 11 (2d Cir. 2020) ("As a general matter, district courts frequently deem claims abandoned when counseled plaintiffs fail to provide arguments in opposition at the motion to dismiss stage.").

### III.   Plaintiffs' Federal Claims Are Dismissed

Even if Plaintiffs had not abandoned their complaint by failing meaningfully to oppose the motion to dismiss, the Court would dismiss the complaint anyway. Plaintiffs' complaint invokes 42 U.S.C. §§ 1983 and 1988, the First Amendment, and the Fourteenth Amendment as the basis for this Court's subject-matter jurisdiction. *See* Compl. ¶ 2. Plaintiffs assert that Defendants violated their, and seemingly Mr. King's, rights under the First and Fourteenth Amendments. *See id.* To the extent Plaintiffs seek to raise federal claims on their own behalf, their complaint fails to allege sufficient facts to state a claim for relief.

Section 1983 does not confer an independent substantive right but instead provides "a method for vindicating federal rights elsewhere conferred[.]" *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Here, Plaintiffs allege those rights arise under the First and Fourteenth Amendments. To state a section 1983 claim, a plaintiff must allege "(1) the violation of a right, privilege, or immunity secured by the Constitution or laws of the United States (2) by a person acting under the color of state law." *Farrell v. City of New York*, No. 15-CV-8401, 2018 WL 944400, at *4 (S.D.N.Y. Feb. 15, 2018) (citations omitted). "To withstand a motion to dismiss,

a § 1983 complaint must set forth specific factual allegations indicating a deprivation of constitutional rights." *Andino v. Fischer*, 698 F. Supp. 2d 362, 381 (S.D.N.Y. 2010) (citing *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir. 1987); *West v. Atkins,* 487 U.S. 42, 48 (1988)).

Entirely absent from Plaintiffs' complaint are any facts from which the Court could infer that any Defendant violated the Constitutional rights of Mr. King's constituents by removing Mr. King from the City Council. Plaintiffs include no allegations concerning the specific actions taken by any individual Defendant, and, once the conclusory allegations are stricken, there are no facts remaining from which the Court can ascertain what Plaintiffs allege transpired, completely inhibiting the Court from determining whether a reasonable jury could conclude that any of these Defendants violated Plaintiffs' constitutional rights.[6] Accordingly, Plaintiffs' section 1983 claims asserting that Defendants violated their constitutional rights are dismissed for failure to state a claim on which relief may be granted.

Plaintiffs also purport to assert claims pursuant to 42 U.S.C. § 1988. *See* Compl. ¶ 2. Section 1988 does not provide an independent cause of action, however. *See Chepilko v. Cent. Amusement Int'l*, *LLC*, No. 11-CV-4273, 2011 WL 4043426, at *2 (E.D.N.Y. Sept. 8, 2011) (citing *Moor v. Alameda County,* 411 U.S. 693, 705 (1973) ("[Section 1988] was obviously intended to do nothing more than to explain the source of law to be applied in actions brought to enforce the substantive provisions of the [the 1966 Civil Rights Act]")).

---

[6] Even if Plaintiffs had alleged facts regarding who did what, Plaintiffs' federal claims would likely fail as a matter of law. Plaintiffs fail to identify a theory on which *their* constitutional rights were violated by *King's* expulsion, and it is not readily obvious to the Court what part of the Constitution creates a right to have a representative of one's choice remain in office. Assuming the City Council had an adequate basis for King's removal, however, the burden on any such constitutional right, if it exists, would presumably be justified by a sufficiently important state interest. *See Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010) ("[Even] assuming that Monserrate's expulsion burdens constitutional rights related to voting and political association, any such burden is justified by the state interest in maintaining the integrity of the Senate.").

To the extent Plaintiffs seek to assert federal claims on King's behalf, Plaintiffs do not have standing to do so. The doctrine of standing involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Article III standing requires a plaintiff to have suffered (1) an injury (2) that is "fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court," and (3) that is "likely" to be "redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "For the purposes of standing, an injury must be an injury in fact, meaning an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Black Lives Matter*, 354 F. Supp. 3d at 321 (cleaned up). "The particularity requirement requires that the injury alleged be individualized and not undifferentiated and affect the plaintiff in a personal and individual way." *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 525 n.18 (S.D.N.Y. 2017) (cleaned up).

The "general prohibition on a litigant's raising another person's legal rights" is a core principle of prudential standing. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (cleaned up); *see also Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("We have adhered to the rule that a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (cleaned up)). Although the prohibition on third-party standing is not absolute, a party seeking third-party standing must make two further showings in addition to demonstrating that he himself has Article III standing: (1) that he has a "close" relationship with the person who possesses the right; and (2) a "hindrance" exists to the ability of the person whose rights were violated to

protect his or her own interests. *Kowalski*, 543 U.S. at 567 (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).

Plaintiffs do not identify a single case in which voters have been found to have third-party standing to raise the rights of their preferred elected official in an action such as this one, where the elected official can — and has — asserted his own rights in an action filed on his own behalf. *See King v. City of New York*, No. 20-CV-8283, 2021 WL 1856840 (S.D.N.Y. Apr. 6, 2021). Moreover, a party seeking to assert third-party standing must himself have suffered an injury in fact, giving him a sufficiently concrete interest in the outcome of the litigation. *See Powers*, 499 U.S. at 411. Plaintiffs' failure to articulate the legally-protected interest giving rise to a cognizable injury in fact leaves the Court entirely unable to conclude that Plaintiffs have standing to assert claims on King's behalf. *See Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) ("[O]nly the person toward whom the state action was directed, and not those incidentally affected, may maintain a § 1983 claim." (quoting *Natriello v. Flynn*, 837 F. Supp. 17, 19 (D. Mass. 1993))).

Accordingly, Plaintiffs' federal claims are dismissed.

### IV.     The Court Declines to Exercise Supplemental Jurisdiction Over State Claims

While Plaintiffs' federal claims are little more than an aside, the bulk of Plaintiffs' allegations appear to assert that Defendants "violated Article 78" by acting in an "arbitrary and capricious manner" in expelling King for his alleged non-criminal behavior. *See* Compl. ¶ 7.

Having dismissed the federal claims and given the absence of diversity jurisdiction,[7] the Court declines to exercise supplemental jurisdiction over the state law claims. *See, e.g.*,

---

[7] There is some dispute whether a federal court has the power to exercise jurisdiction over a claim that is redressable in state court via an Article 78 proceeding even when there is complete diversity. *See Doe v. N.Y. Univ.*, No. 21-CV-2199 (SHS), 2021 WL 1662532, at *6 (S.D.N.Y. Apr. 28, 2021) (highlighting the split in the district and

*Morningside Supermarket Corp. v. N.Y. State Dep't of Health*, 432 F. Supp. 2d 334, 346 (S.D.N.Y. 2006) ("Because accepting supplemental jurisdiction over [Article 78] claims requires a federal court to usurp the statutory authority bestowed upon the New York state courts, federal courts are loath to exercise jurisdiction over Article 78 claims." (cleaned up)).  Plaintiffs' state law claims are, therefore, dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED, and this case is DISMISSED.  The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date: **September 15, 2021**
      **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

concluding that a federal district court may exercise diversity jurisdiction over Article 78 claims notwithstanding instruction in Article 78 requiring proceedings to be brought in New York Supreme Court).